**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
Alan R. Plutzik (Bar No. 077785)
L. Timothy Fisher (Bar No. 191626)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA  94598
Telephone: (925) 945-0770
Facsimile: (925) 945-8792

    -and-

Joseph H. Meltzer
Gerald D. Wells, III
Katherine B. Bornstein
Robert J. Gray
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7506

Attorneys for Plaintiff Gerald Till

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD TILL, individually, and on behalf of all other similarly situated,<br><br>              Plaintiff,<br><br>    vs.<br><br>M.L. STERN & CO., LLC; and DOES 1 through 10, inclusive,<br><br>              Defendant. | Case No.: 07-0118 BTM (JMA)<br><br>**PRETRIAL ORDER NO. 1** |
| DENNY BILIKAS and CRAIG TAGGART, individually, and on behalf of all other similarly situated,<br><br>              Plaintiff,<br><br>    vs.<br><br>M.L. STERN & CO., LLC; and DOES 1 through 10, inclusive,<br><br>              Defendant. | Case No.: 07-0377 DMS (RBB)<br><br>Date:  May 11, 2007<br>Time:  11:00 a.m.<br>Courtroom:  15 |

1  On May 11, 2007, Magistrate Judge Adler heard oral argument on Plaintiff Gerald Till's
2  Motion to Consolidate M.L. Stern Overtime Actions and for Entry of Pretrial Order No. 1.
3  Gerald D. Wells III and L. Timothy Fisher appeared on behalf of Plaintiff Gerald Till; Joseph
4  Cho appeared on behalf of Plaintiffs Denny Bilikas and Craig Taggart; and James Richard
5  Ballard and Sara Brite Evans appeared on behalf of Defendant M.L. Stern & Co., LLC.  Based
6  on the papers filed by the parties and oral argument, the Court rules as follows:
7  WHEREAS, the above-captioned actions (the "Overtime Actions") allege violations of
8  applicable labor laws including various California state labor laws, including the California
9  Labor Code, Industrial Welfare Commission Wage Orders and Business Professional Code, and
10 such actions involve common questions of law and fact;
11 WHEREAS, the Court has determined that formal consolidation of the Overtime Actions
12 and organization of Counsel for Plaintiffs is appropriate as consistent with the recommendations
13 of the *Manual for Complex Litigation – Fourth* (2004) (the "*Manual*");
14 NOW, THEREFORE, THE COURT ORDERS as follows:

### I. CONSOLIDATION OF THE RELATED ACTIONS

16  1.  The above-captioned Overtime Actions, and any action arising out of the same
17 operative facts now pending or hereafter filed in or transferred to this Court, are hereby
18 consolidated pursuant to Fed. R. Civ. P. 42(a) ("Consolidated Action").  They shall be referred to
19 collectively as *In Re M.L. Stern Overtime Litigation*, Master File No 07-0118.

### II. CAPTION OF CASES

21  2.  Every pleading filed in the Consolidated Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| IN RE M.L. STERN OVERTIME LITIGATION | MASTER FILE: 07-0118 BTM (JMA) |
|---|---|

### III. MASTER DOCKET

27  3.  A Master Docket is hereby established for the Consolidated Action, including

actions subsequently consolidated herein pursuant to this Order. Entries in said Master Docket shall be applicable to the Consolidated Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

## IV. MASTER FILE AND SEPARATE ACTION FILES

4. A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The Master File shall be Civil Action No. 07-0118 BTM (JMA). The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall maintain a separate file for each of the Consolidated Actions and filings shall be made in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order. The Clerk shall file a copy of this Order in each such separate file.

## V. NEWLY FILED OR TRANSFERRED ACTIONS

5. When a case that arises out of the same operative facts as the Consolidated Action is hereinafter filed in or transferred to this Court, it shall be consolidated with these actions as provided in Section I above, and the Clerk of the Court shall:

    (a) File a copy of this Order in the separate file for such action;

    (b) Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

    (c) Make the appropriate entry in the Master Docket.

6. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

## VI. APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

7. This Order shall apply to each class action assigned to the Honorable Barry Ted Moskowitz and the Honorable Jan M. Adler asserting claims similar to those set forth in these actions and brought on behalf of employees of M.L. Stern & Co., LLC who allege that Defendants failed to pay them overtime compensation. This Order shall apply to each such case which is subsequently filed in or transferred to this Court, unless a party objecting to the

1  consolidation of that case, or to any other provision of this Order, serves an application for relief
2  from this Order or from any of its provisions within ten (10) days after the date on which the
3  Clerk mails a copy of this Order to the counsel for that party.  The provisions of this Order shall
4  apply to such action pending the Court's ruling on the application.
5          8.      Unless a plaintiff in a subsequently filed or transferred case is permitted by the
6  Court to use a separate complaint, Defendants shall not be required to answer, plead, or
7  otherwise move with respect to that complaint.  If a plaintiff in any such case is permitted to use
8  a separate complaint, each Defendant shall have twenty (20) days from the date the Court grants
9  such permission within which to answer, plead, or otherwise move with respect to that
10 complaint.

## VII.  ORGANIZATION OF COUNSEL

11          9.      The Court appoints the following Interim Lead Counsel for the proposed class
12 ("Interim Lead Counsel") in the Consolidated Action pursuant to Rule 23(g)(2)(A) of the Federal
13 Rules of Civil Procedure:

**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
280 King of Prussia Road
Radnor, PA  19087
Telephone: (610) 667-7706
Facsimile:  (610) 667-7056


2125 Oak Grove Road, Suite 120
Walnut Creek, CA 90067
Telephone: (925) 945-0200
Facsimile: (925) 945-8792

14          10.     Interim Lead Counsel in the Consolidated Action shall have authority over the
15 following matters on behalf of all plaintiffs in those respective actions consolidated in this case:
16 (a) convening meetings of counsel working for the Class; (b) initiating, responding to,
17 scheduling, briefing, and arguing of all motions; (c) determining the scope, order, and conduct of
18 all discovery proceedings; (d) assigning such work assignments to other counsel as they may
19 deem appropriate; (e) retaining experts; (f) designating which attorneys may appear at hearings

and conferences with the Court; (g) conducting settlement negotiations with defendants; and (h) other matters concerning the prosecution of or resolution of their respective cases.

11. All Plaintiffs' counsel shall keep contemporaneous time and expense records, and shall provide such records upon request to Interim Lead Counsel.

12. Interim Lead Counsel shall have authority to communicate with Defendants' counsel and the Court on behalf of the proposed class. Defendants' counsel may rely on all agreements made with Interim Lead Counsel, and such agreements shall be binding.

13. Interim Lead Counsel is also charged with administrative matters such as receiving and distributing pleadings, notices, orders, motions and briefs, and advising parties of developments in the Consolidated Action.

## VIII.  COORDINATION

14. Interim Lead Counsel shall coordinate activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice.

## IX. SCOPE OF ORDER

15. The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims in or defenses to any action.

## X. PRELIMINARY SCHEDULE OF PROCEEDINGS

16. Plaintiffs shall file a Consolidated Complaint within twenty (20) days of the entry of this Order. The Consolidated Complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein. Pending filing and service of the Consolidated Complaint, Defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the actions consolidated herein or any actions

//

//

[PROPOSED] PRETRIALORDER NO. 1
CASE NOS. 07-0118 BTM & 07-0377 DMS

5

1 subsequently consolidated with them. Defendants shall have thirty (30) days from service of the
2 Consolidated Complaint to answer or otherwise respond.
3
4     **IT IS SO ORDERED.**
5 Dated:         May 16, 2007
6                                                                 Jan M. Adler
7                                                                 U.S. Magistrate Judge
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] PRETRIAL ORDER NO. 1
CASE NOS. 07-0118 BTM & 07-0377 DMS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28