# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| IN RE M.L. STERN OVERTIME LITIGATION, | CASE NO. 07cv118 BTM (JMA) |
|---|---|
| | **ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT AND MOTION FOR ATTORNEY'S FEES AND COSTS AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS** |

Now before the Court are Plaintiffs Gerald Till, Denny Bilikas, and Craig Taggart and Defendant M.L. Stern & Co., LLC's ("M.L. Stern") Joint Motion for Final Approval of Settlement and Plaintiffs' Motion for Attorney's Fees and Costs and Class Representative Enhancement Awards. For the reasons explained below, the Motions are **GRANTED.**

## I. BACKGROUND

On June 5, 2007, Plaintiffs filed a Consolidated Class Action Complaint. Plaintiff brought their claims on behalf of themselves and all other persons who worked as Account Executives for M.L. Stern in the State of California at any time from November 13, 2002, through December 31, 2006. In their Complaint, Plaintiffs alleged that Defendant: (1) misclassified its Account Executives as exempt employees, thereby denying them overtime compensation for all hours worked in excess of forty in a workweek and/or eight in a workday in violation of the California labor laws; (2) failed to compensate Account Executives at the

prevailing minimum wage rate for all hours worked; (3) failed to provide Account Executives with all of their required meal and rest breaks; (4) impermissibly deducted monies from the wages of Account Executives; and (5) failed to retain and provide accurate records of actual hours worked and wages earned by Plaintiffs and the other members of the class.

Following motion practice in front of Magistrate Judge Adler and the Court, the parties engaged in private mediation before Linda Singer, Esq., on July 10, 2008. As a result of mediation, the parties reached a binding agreement to settle the case on agreed-upon terms. The parties stipulated to certification, for settlement purposes only, of a class of all persons who were employed by M.L. Stern as Account Executives in the State of California at any time between November 13, 2002, and December 31, 2006, and who had not previously signed a settlement releasing M.L. Stern from claims asserted in the Complaint. Account Executives who were employed by M.L. Stern in Nevada during the covered time period were also able to participate in the settlement. The parties memorialized their agreement to settle in a Joint Stipulation of Class Action Settlement and Release. (See Wells Decl., Ex. A.)

On December 22, 2008, the parties filed a Joint Motion for Preliminary Approval of Class Action Settlement [Docket No. 66]. On April 13, 2009, Magistrate Judge Adler issued an order granting the Joint Motion [Docket No. 71]. On August 7, 2009, the parties filed a Joint Motion for Final Approval of Settlement and Plaintiffs filed a Motion for Attorney's Fees and Costs and Class Representative Enhancement Awards.

## II. JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT

Federal Rule of Civil Procedure 23 sets forth requirements for final approval of a class action settlement. Fed. R. Civ. P. 23(e). First, the Court must direct notice in a reasonable manner to all class members who would be bound by the proposal. Fed. R. Civ. P. 23(e)(1). Next, the Court must find that the proposed settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). The parties must file a statement identifying any agreement made in connection with the approval. Fed. R. Civ. P. 23(e)(3). Any class member may object to the proposal. Fed. R. Civ. P. 23(e)(5).

1 | Initially, the Court notes that the parties' Joint Stipulation constitutes the agreement made in connection with the approval. (See Wells Decl., Ex. A.)

The manner of notice was also reasonable here. Pursuant to Magistrate Judge Adler's Preliminary Approval Order, the parties sent notice to all 219 class members via first class mail. Address traces were performed on fifty-eight undeliverable class notices remaining on June 22, 2009. The notice was re-mailed to updated address obtained for 49 class members. Nine notices were returned undeliverable for a total of eighteen undeliverable notices. Manual traces resulted in two updated addresses to which class notices were mailed. This notice process was the best practicable under the circumstances. See Mullane v. Cent. Hanover Bank Trust Co., 339 U.S. 306, 314 (1950).

Additionally, the proposed settlement is fair, reasonable, and adequate. To determine whether a settlement agreement is fair, reasonable, and adequate, the district court should consider a number of factors, including "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." Staton v. Boeing Co., 327 F.3d 938, 959 (9th Cir. 2003) (quoting Molski v. Gleich, 318 F.3d 937, 953 (9th Cir. 2003) (internal citations and quotations omitted)). In this case, the factors all weigh in favor of approval of the proposed settlement.

First, while Plaintiffs continue to believe their case is meritorious, they recognize recent authority weakening their position. Specifically, in a November 27, 2006 opinion letter, the United States Department of Labor ("DOL") held that stock brokers, who perform similar job duties to M.L. Stern Account Executives, *are* exempt employees under the Fair Labor Standards Act ("FLSA"). Because the Ninth Circuit has previously deferred to the DOL's interpretation of the FLSA, the recent opinion letter raises serious doubts regarding the strength of Plaintiffs' case. Thus, the diminished strength of Plaintiff's case favors settlement approval.

Second, the parties assert that, absent settlement, the litigation would be risky, expensive, and lengthy. The parties contend that there would be a contest over class certification issues, leading to time-consuming, costly discovery. Additionally, because this case involves a "novel application of the overtime laws to positions that have historically been regarded as exempt," it is inherently risky for Plaintiffs. Therefore, the potential risk, expense, and long duration of this case weigh in favor of granting final settlement approval.

Third, the amount offered in settlement appears fair. As Magistrate Judge Adler noted in his order preliminarily approving the settlement, given the costs of continuing the case and its inherent risks, the settlement amount of $945,960 is reasonable.

Fourth, the extent of discovery and stage of the proceedings favor approval of the proposed settlement. Parties must have conducted discovery sufficient to allow them to make an informed decision about settlement. See Linney v. Cellular Alaska partnership, 151 F.3d 1234, 1239 (9th Cir. 1998). The parties here represent that they have exchanged significant amounts of information both formally and informally. (See Wells Decl. ¶ 50.) Additionally, Class Counsel has reviewed the filings in similar actions and interviewed Account Executives. (Id.) The Court finds this discovery sufficient to allow the parties to make an informed decision regarding settlement.

Fifth, Class Counsel in this case, Barroway Topaz Kessler Meltzer & Check, LLP, possesses significant experience and expertise. The firm's resume indicates a strong record of success as lead counsel in other complex class actions. (See Wells Decl., Ex. B.) The firm's significant experience weighs in favor of settlement approval.

Sixth, no class members have objected to the settlement. In fact, as the parties point out, no class members have even opted out of the settlement. Therefore, the positive reaction of the class members favors the Court granting approval of the Settlement.

Finally, there is no evidence of collusion. The settlement resulted from the parties' mediation with an experienced mediator.

For all of the reasons discussed above, the Court finds that the settlement agreement

is fair, reasonable, and adequate.[1]  The Court **GRANTS** the Joint Motion for Final Approval of Class Action Settlement.

### III. MOTION FOR ATTORNEY'S FEES AND COSTS AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS

Plaintiff also moves for attorney's fees and costs and class representative enhancement awards. Plaintiffs' Class Counsel requests an award of attorney's fees of 25% of the settlement amount ($236,490.00), costs and expenses in the amount of $25,019.81, and class enhancement awards of $15,000/class representative ($45,000 total). Defendants stipulated not to oppose Class Counsel's application to the Court for 25% of the settlement amount, reasonable costs and expenses, and enhancement to class representatives of $15,000/class representative. (See Wells Decl., Ex. A at ¶ 43–44.)

Class Counsel argue that this award is reasonable based on the "common fund" doctrine. The common fund doctrine provides that "a litigant or lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." Boeing v. Van Gemert, 444 U.S. 472, 478 (1980). The Ninth Circuit has found that the common fund doctrine is properly applied "only if (1) the class of beneficiaries is sufficiently identifiable, (2) the benefits can be accurately traced, and (3) the fee can be shifted with some exactitude to those benefitting." Paul, Johnson, Alston, & Hunt v. Graulty, 886 F.2d 268, 271 (9th Cir. 1989).

The Court finds that the common fund doctrine properly applies here. First, Class Counsel identified all 219 class members, of which 66% filed Claim Forms for 73% of the Class Distribution amount. (Wells Decl., Ex. D at ¶ 16–17.)  Second, as Class Counsel contends, each class member has an undisputed and mathematically ascertainable claim to part of the lump sum settlement recovered on his behalf such that the benefits can be easily traced. See Paul, Johnson, 886 F.2d at 271. Each class member may claim an amount based on his or her time employed during the covered period. Third, Class Counsel requests 25%, which would allow the fee to be shifted with exactitude, since the parties have

---

[1] The Court notes that there is no governmental participant in this case.

1 already agreed upon the fund amount.

2 The Ninth Circuit has held that ordinarily fee awards range from 20-30 percent of the fund created, see Paul, Johnson, 886 F.2d at 272, and that 25% is the "benchmark" award that should apply in common fund cases, Six Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990).

6 As Class Counsel represents, no unusual circumstances exist to suggest that the Court should adjust or replace the benchmark percentage by a lodestar calculation. Class counsel obtained a favorable settlement for the class within approximately two and a half years, a reasonable amount of time. They obtained this settlement despite the 2006 DOL opinion letter which called into question the Class claims and suggested that further litigation may prove unsuccessful if the Court adopted the DOL position. Furthermore, the benchmark percentage yields lower fees than a lodestar calculation. Finally, no class members have objected to the settlement or attorneys' fees award. Thus, the Court finds that the benchmark award of 25% of the common fund properly applies.

15 Therefore, the Court **GRANTS** Plaintiffs' Motion for Attorney's Fees and Costs and Expenses and Class Representative Enhancement Awards. The Court **AWARDS** Plaintiffs' Counsel $236,490.00 in attorney's fees and costs and expenses in the amount of $25,019.81. The Court further **AWARDS** the class representatives class enhancement awards in the amount of $15,000.00 per class representative.

20 **IT IS SO ORDERED.**

21 DATED: October 9, 2009

Honorable Barry Ted Moskowitz
United States District Judge